UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re:<br><br>Frank Marcisz,<br>    *Plaintiff*,<br><br>    v.<br><br>BAC Home Loans Servicing, L.P. fka Countrywide Home Loan Servicing, L.P.,<br>    *Defendant*. | Civil No. 3:10CV801 (JBA)<br><br><br><br><br><br>March 7, 2011 |

ORDER OF DISMISSAL

Petitioner Frank Marcisz filed a Notice of Appeal, dated April 16, 2010, from the final judgment of the United States Bankruptcy Court dismissing Marcisz's Petition for Bankruptcy, Case No. 10–20431–asd. On June 21, 2010, Appellee BAC Home Loans Servicing L.P. fka Countrywide Home Loans Servicing L.P. ("BAC") moved [Doc. # 4] to dismiss Marcisz's appeal on the grounds that the Notice of Appeal was not filed with the Clerk within 14 days of the entry of judgment appealed from as required by Federal Rule of Bankruptcy Procedure 8002(a); that Marcisz failed to file a statement of issues to be presented on appeal and a designation of items to be included in the record on appeal within 14 days of filing the Notice of Appeal as required by Rule 8006; and that Marcisz failed to file a brief within 14 days of the entry of appeal as required by Rule 8009. In response to BAC's Motion to Dismiss, Marcisz filed a Motion for Time Enlargement [Doc. # 7] asking the Court for an extension of time "with regard to the impending filings in the instant matter" and explaining that he had failed to timely submit a brief pursuant to Rule 8009 because he was awaiting transcripts pertaining to the case, he is incarcerated at the Osborn Correctional Institution and the Institution's librarian had been on a leave of absence between May 25

and June 20, 2010, and up to that point he had been "unable to discern the meaning and intent of [Rule 8009] regarding the timely filing of the brief's [sic]."

On August 4, 2010, Magistrate Judge Margolis issued an Order [Doc. # 8] denying BAC's Motion to Dismiss without prejudice to renew for failure to comply with the Court's pre–filing conference requirement and denying Marcisz's Motion for Enlargement as moot. Despite acknowledging in his Motion for Enlargement that he had become aware of Rule 8009 and that the librarian had returned to Osborn Correctional Institution, Marcisz has not yet filed a brief with the Court.

Federal Rule of Bankruptcy Procedure 8009(a)(1) provides that "[t]he appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007." Where a party fails to comply with Rule 8009, the Court has discretion to dismiss the appeal. *See In re Tampa Chain Co.*, 835 F.2d 54, 55–56 (2d Cir. 1987) (affirming dismissal of bankruptcy appeal where "defendants filed no brief for some seven months after the due date, . . . their attorney offered no explanation or excuse for their failure to file a brief, and . . . the district court dismissed for failure to prosecute only after it had inquired as to the reason for the failure to file and was given no explanation"); *see also In re Best Payphones, Icn.*, 331 F. App'x 25, 26–27 (2d Cir. 2009) (affirming dismissal where petitioner had not filed its brief "more than eight months after [it] filed its notice of appeal, more than four months after that appeal was docketed, and three months after receiving actual notice from court personnel"). Marcisz's Notice of Appeal is dated April 16, 2010, the Court docketed the appeal on May 21, 2010 and mailed to Marcisz notice [Doc. # 2] of the briefing schedule pursuant to Rule 8009 on May 24. On July 2, 2010 Marcisz filed a Motion for Time Enlargement recognizing his obligations under Rule 8009 and explaining why he had not yet

filed a brief. Yet more than ten months after filing his Notice of Appeal, more than nine months after receiving notice of the docketing of the appeal, and more than seven months after asking this Court for an extension of time, Marcisz has still not filed a brief nor has he provided explanation for his continued failure to file or asked the Court for further enlargement.

Due to Marcisz's failure to comply with Rule 8009, along with his failure to take any action, his appeal is dismissed. The Clerk is directed to close this case.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of March, 2011.